UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: TROPICANA ORANGE JUICE MARKETING
AND SALES PRACTICES LITIGATION                                      MDL No. 2353


TRANSFER ORDER


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in two Middle District of Florida actions move to centralize this litigation in that district. This litigation currently consists of six actions, as listed in Schedule A, pending in five districts: two in the Middle District of Florida, and one each in the Southern District of Florida, the District of New Jersey, the Eastern District of New York, and the Eastern District of Wisconsin.

I.

All responding parties in the actions on the motion agree that centralization of these actions is appropriate, but disagree as to the transferee district. Plaintiffs in the Southern District of Florida and Eastern District of Wisconsin actions, as well as a plaintiff in a potential tag-along action in the Northern District of Georgia,[1] support centralization in the Middle District of Florida.

Defendants Tropicana Products, Inc., and its corporate parent, PepsiCo, Inc. (collectively, Tropicana) support centralization in either the Middle District of Florida or the District of New Jersey. Plaintiffs in the District of New Jersey action and the Eastern District of New York action oppose centralization in the Middle District of Florida and instead support centralization in the District of New Jersey. Plaintiff in a potential tag-along action pending in the Northern District of Alabama (Veal) seeks transfer to that district.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization of these actions in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that Tropicana deceptively markets its not-from-concentrate orange juice as "100% Pure & Natural Orange Juice," when in fact

---

[*] Judges John G. Heyburn II, Kathryn H. Vratil, and Marjorie O. Rendell took no part in the decision of this matter.

[1] The Panel has been notified of seven potentially related actions in which Tropicana Products, Inc., and/or its corporate parent, PepsiCo, Inc. are named defendants. These actions are potential tag-along actions. *See* Panel Rule 7.1. However, for the reasons stated in this Order, actions that name other orange juice producers exclusively as defendants will not be centralized in this litigation.

-2-

the orange juice is extensively processed. Plaintiffs allege, *inter alia*, that Tropicana deoils, deaerates, and pasteurizes its orange juice, then stores the juice in refrigerated tanks for long periods of time, and adds chemically-engineered substances to mimic the flavor of "natural" orange juice. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

## II.

Veal additionally argues for industry-wide centralization in the Northern District of Alabama that would include actions involving similar claims against other producers of not-from-concentrate orange juice, such as the Simply Orange Juice Co. and Minute-Maid Company, both divisions of the Coca-Cola Co., and Citrus World, Inc., as well as retailers of "house brands" of not-from-concentrate orange juice, such as Wal-Mart Stores, Inc., Target Brands, Inc., and Winn-Dixie Stores, Inc. Every other responding party – either in their papers or at oral argument – objects to expanding the scope of this multidistrict litigation to incorporate multiple defendants.

We do not agree with Veal that industry-wide centralization would produce the efficiencies that he claims. The actions involve different products, subject to potentially different methods of pasteurizing and processing, different advertisements, and different putative classes of consumers who purchased each product. Additionally, some of the defendants that Veal seeks to include in this litigation are retailers, not producers, of not-from-concentrate orange juice. Separate discovery would be necessary as to each defendant's products and processes. Further, the introduction of competing defendants into the litigation, and the need to protect trade secret and confidential information from full disclosure to the parties, would complicate case management. Because industry-wide centralization likely will result in inefficiencies and delay, it is not appropriate in this instance. *See In re Yellow Brass Plumbing Component Prods. Liab. Litig.*, MDL No. 2321, 2012 WL 432528, at *1 (Feb. 9, 2012) (denying centralization of cases against competing manufacturers of plumbing products); *In re Credit Card Payment Protection Mktg. & Sales Practices Litig.*, 753 F. Supp. 2d 1375 (J.P.M.L. 2010) (denying centralization of cases against competing credit card companies).

## III.

Finally, we are persuaded that the District of New Jersey is the most appropriate transferee district. Plaintiff's counsel in the District of New Jersey appear to have significantly investigated and developed the factual issues underpinning their complaint. We note that several plaintiffs have already voluntarily dismissed their complaints in other jurisdictions in order to join the New Jersey action. The district is also the location of several third-party flavoring companies that may be relevant to this litigation. Further, the District of New Jersey has the resources to devote to this litigation, and centralization there permits the Panel to assign the litigation to an experienced judge who is not presently overseeing a multidistrict litigation.

-3-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Dennis M. Cavanaugh for coordinated or consolidated pretrial proceedings with the action pending there.

IT IS FURTHER ORDERED that the request for industry-wide centralization by the plaintiff in the Northern District of Alabama is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
W. Royal Furgeson, Jr.
Acting Chairman

Barbara S. Jones            Paul J. Barbadoro
Charles R. Breyer

IN RE: TROPICANA ORANGE JUICE MARKETING
AND SALES PRACTICES LITIGATION                                        MDL No. 2353

## SCHEDULE A

<u>Middle District of Florida</u>

Ciro Mateo, et al. v. PepsiCo, Inc., et al., C.A. No. 8:12-00073
Lauren Wagner Pederson v. PepsiCo, Inc., et al., C.A. No. 8:12-00104

<u>Southern District of Florida</u>

Angelica Garcia v. PepsiCo, Inc., et al., C.A. No. 1:12-20688

<u>District of New Jersey</u>

Dennis Lynch, et al. v. Tropicana Products, Inc., C.A. No. 2:11-07382

<u>Eastern District of New York</u>

Dezzi Rae Marshall, et al. v. Tropicana Products, Inc., et al., C.A. No. 2:12-00609

<u>Eastern District of Wisconsin</u>

Aleksander Simic v. Tropicana Products, Inc., et al., C.A. No. 2:12-00167